NICHOLAS J. GANJEI, United States Attorney for the Southern District of Texas
Michael Hess, Assistant United States Attorney
Federal I.D. No. 883459
Texas State Bar No. 00798256
800 N. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
(361) 888-3111

_____

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES LAEL JENSEN, <br><br> Defendant. | **UNITED STATES' POSITION REGARDING DETENTION** <br><br><br> Case No. 2:25-mj-424 DBP |

☐  The United States is not seeking detention.

☐  However, based on the defendant's record and history, release on personal recognizance pursuant to 18 U.S.C. § 3142(b) will not reasonably assure the defendant's appearance and will endanger the safety of the community.  Therefore, the United States requests a hearing on pretrial release conditions pursuant to 18 U.S.C. § 3142(c).

☐  Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast-track program, which includes agreeing to detention for the pendency of this case.

☒  The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☐ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:
- ☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
- ☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**
- ☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
- ☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
- ☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:
- ☒ **(A)** a serious risk the defendant will flee; **or**

**James Jensen has strong ties to Mexico:**
1) **James Jensen is in business relationships with individuals he knows work with Mexican criminal organizations.**
2) **Any businesses that provide oil outside of Mexican government regulation are only able to get crude oil through Mexican criminal organizations.**
3) **The businesses that are run by James and Kelly Jensen have suppliers located in Mexico.**
4) **Over $47,000,000 went from Jensen businesses to Mexican businesses.**
5) **Dozens of people that the businesses run by James and Kelly Jensen have relationships with individuals that reside in Mexico.**

**James and Kelly Jensen have the means to support themselves**

2

> **through funds in other bank accounts (United States and foreign) that are not subject to seizure warrant.**
>
> **James and Kelly Jensen have a residence in the Bahamas and travel there on average every other month – they were there week of April 14.**
>
> **James and Kelly Jensen would not allow USMS into the residence at the time of warrant execution on April 23, 2025.**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:
   ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:
   **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*
   **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*
   **(C)** a period of not more than five years has elapsed since the date of

conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☐ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

**James Jensen conspired with his wife Kelly Jensen and two of his sons, Maxwell and Zachary Jensen, to launder proceeds from sales of illegally imported crude oil. The payments for this crude oil were directed to businesses in Mexico that operate only through the permission of Mexican criminal organization. James Jensen was aware that the payments he made were going to these Mexican criminal organizations.**

☐ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

4

☐  The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).
☐  Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).
☐  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).
☐  The defendant's lack of legal status in the United States.  The defendant's legal status is:
☐  How the defendant would be subject to removal or deportation after serving a period of incarceration.
☐  The defendant's significant family or other ties outside of the United States.
☐  The defendant's use of aliases or false documents.
☐  The defendant's prior attempts to evade law enforcement.
☐  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
☐  The defendant's prior failures to appear for court proceedings.
　　☐  Other reasons including:

## Victim Notification

☐  The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.
　　The position of the victim(s) on the detention of the defendant is: N/A
　　☐  The victim(s) in this matter seek(s) a no contact order.
☐  This matter does not involve a victim requiring notification.

DATED this 24th day of April , 2025.

　　　　　　　　　　　　　　　　　NICHOLAS J. GANJEI
　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY


　　　　　　　　　　　　　　By:   */s/ Michael Hess*
　　　　　　　　　　　　　　　　　MICHAEL HESS
　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　Federal I.D. No.  883459

Texas State Bar No.  00798256
800 N. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
(361) 888-3111

Case 2:25-mj-00424-DBP   Document 2   Filed 04/24/25   PageID.16   Page 6 of 6